NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1612

TOSHIBA CORPORATION,

Plaintiff-Appellant,

v.

JUNIPER NETWORKS, INC.,

Defendant-Appellee.

Thomas J. Fisher, Oblon,Spivak, Mcclelland, Maier & Neustadt, P.C., of Alexandria, Virginia, argued for plaintiff-appellant.  With him on the brief were Arthur I. Neustadt, Richard D. Kelly, James J. Kulbaski, and David H. Schaumann.

Richard L. Rainey, Covington & Burling LLP, of Washington, DC, argued for defendant-appellee.  With him on the brief were Roderick R. McKelvie and Scott C. Weidenfeller.   Also on the brief were Ruffin B. Cordell, Joseph V. Colaianni, Jr., and Brian T. Racilla, Fish & Richardson P.C., of Washington, DC.

Appealed from:  United States District Court for the District of Delaware

Judge Sue L. Robinson

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1612

TOSHIBA CORPORATION,

Plaintiff-Appellant,

v.

JUNIPER NETWORKS, INC.,

Defendant-Appellee.

———————————————

DECIDED: September 6, 2007

———————————————

Before MAYER and PROST, <u>Circuit Judges</u>, and LINARES, <u>District Judge</u>.\*

PROST, <u>Circuit Judge</u>.

Toshiba Corporation ("Toshiba") sued Juniper Networks, Inc. ("Juniper") in the United States District Court for the District of Delaware, alleging infringement of its patents. Relevant here, Toshiba asserted U.S. Patent Nos. 5,835,710 ("the '710 patent"), 6,343,322 ("the '322 patent"), 6,598,080 ("the '080 patent"), and 6,341,127 ("the '127 patent"). After the district court construed the disputed claims in each of the four patents, Toshiba stipulated to a final judgment of non-infringement. Accordingly, the district court entered final judgment, disposing of all claims. <u>Toshiba Corp. v.</u>

———————————————

\* Honorable Jose L. Linares, District Judge, United States District Court for the District of New Jersey, sitting by designation.

<u>Juniper Networks, Inc.</u>, No. CIV-03-1035 (D. Del. Aug. 30, 2006). Toshiba timely appealed. Because the district court correctly construed at least one term in each independent claim, we <u>affirm</u>.

## I.  INTRODUCTION

Toshiba's patents address the need to send data between computers using networks. Each smaller network connects to others through a router—a device used to direct data to the desired destination. To travel from one node (or router) to another, a packet in a connectionless network could take any of many possible paths, with a decision required at each intervening node about where to send that packet next. Looking up the connection point associated with a data packet's network-level destination and deciding where to forward the packet increases the burden on routers, thus slowing the transfer of data.

To maintain the flexibility of connectionless networks while improving the transmission simplicity, a virtual connection allows forwarding of data packets without the usual lookup. While prior art methods and devices addressed the need to send data efficiently within a network, they did not apply to communications across disparate types of networks. The patents at issue here address this problem by creating a pre-determined path between networks. When sending data down this path, routers along the way already have the required connection information for the data, and may route data packets according to the pre-determined path without the usual lookup step.

## II.  DISCUSSION

Toshiba's stipulation of noninfringement in this case provided no facts regarding how the district court's construction affects the infringement analysis. This court has

criticized trial courts for not providing facts in the record that would assist our ability to determine whether a particular claim term plays a determinative role in infringement or invalidity. Mass. Inst. of Tech. v. Abacus Software, 462 F.3d 1344, 1350–51 (Fed. Cir. 2006); Lava Trading, Inc. v. Sonic Trading Mgmt., LLC, 445 F.3d 1348, 1350 (Fed. Cir. 2006); Wilson Sporting Goods Co. v. Hillerich & Bradsby Co., 442 F.3d 1322, 1327 (Fed. Cir. 2006). Juniper has highlighted the lack of factual record here in questioning the justiciability of this dispute. In each of the cases cited, however, we proceeded to address the disputed claim construction even without a factual context that might have been helpful. While we agree with Juniper that information about the accused infringing products might ease our task in reviewing the district court's judgment, we ultimately agree with Toshiba that we may proceed here even without that information. The intrinsic record and the disputed terms provide a sufficient record required for construction.

On appeal, Toshiba disputes the district court's construction of twelve terms in the four patents. Without the ability to resolve the import of various terms, we will follow the general course that if we affirm the district court's construction of any appealed term in a particular claim, we may affirm the judgment of noninfringement as to that claim. See Genzyme Corp. v. Transkaryotic Therapies, Inc., 346 F.3d 1094, 1106 (Fed. Cir. 2003) (holding that not meeting one claim limitation resulted in noninfringement, notwithstanding any errors in the district court's construction of other terms). We therefore begin by addressing four of the twelve appealed terms: "layer," "available for receiving [transmitting] a packet," "logical network," and "policy information indicating a permitted neighboring node/network from which a packet transfer by the label switching

is to be permitted."  As each asserted claim contains at least one of these four terms, affirming the district court's construction of these terms would obviate the need to address the other terms appealed.[1]

## A.  "layer"

The parties dispute the meaning of "layer" as that term appears in the '710 and '322 patents.  The claim language of the '322 patent specifies that the invention stores identifiers "at a layer lower than layer 3."  The district court construed layer as one of the layers in the Open Systems Interconnection ("OSI") protocol layer stack, finding reference to that standard in the specification.

Reference to "layer 3" in the claims of the '322 patent requires some background to provide meaning for the specific layer number.  Toshiba's nebulous definition would leave that layer number without any meaning.  See Altiris, Inc. v. Symantec Corp., 318 F.3d 1363, 1374–75 (Fed. Cir. 2003).  With such a broad and potentially ambiguous term, we consult the specification for guidance.

As the district court recognized, the specification consistently uses "layer" in conjunction with the OSI model.  E.g., '322 patent, col. 1, ll. 38–42.  Accordingly, we hold that the district court correctly construed "layer" as a layer in the OSI protocol layer stack, and thus affirm the judgment of noninfringement as to the '322 patent.

---

[1]  We recognize but disagree with Toshiba's argument that the district court improperly limited all claims in the '710, '322, and '080 patents to Asynchronous Transfer Mode ("ATM") networks.  While the district court explicitly limited certain terms to ATM networks, it did not do so with respect to the four terms cited above.  Although the district court's construction may have the effect of limiting the claims to a particular type of network, we construe claims to determine meaning, not secondary effects.

B. "available for receiving [transmitting] a packet"

At oral argument, counsel for Toshiba argued that affirming the construction of "layer" would not support the noninfringement judgment as to the '710 patent. Even accepting this late-stage contention, it would make no difference. We hold that the district court also properly construed the term "available for receiving [transmitting] a packet," providing another ground for affirming noninfringement of the '710 patent.

The district court construed "available for receiving [transmitting] a packet" as requiring that the virtual connection exists when setting up a bypass pipe. The dispute turns on whether the virtual connection at issue must <u>exist</u> before setting up a correspondence relationship, or only be <u>capable</u> of existing for receiving/transmitting packets.

The claim language uses "available" to describe the virtual connections, a relatively vague term that does not compel either party's position. As Juniper points out, the specification describes a preferred embodiment in which the router will not set up a bypass pipe if the desired virtual connection does not exist. '710 patent, col. 24, ll. 40–50, col. 24, l. 66–col. 25, l. 2. Moreover, Yasuhiro Katsube, a named inventor on the patents, stated in a deposition that "the virtual connection needs to be in existence" before registering the correspondence relationship.

Toshiba urges us to focus on the language of the claims, and provides no other support for its argument that the virtual connections need not exist when establishing a correspondence relationship. Given the ambiguous claim term at issue, we hold that the intrinsic and extrinsic evidence both indicate the virtual connection must exist when setting up a correspondence relationship. We therefore find no error in the district

court's construction and affirm the judgment of noninfringement as to the '710 patent.

## C. "logical network"

While we have affirmed the judgment of noninfringement as to the '322 and '710 patents based on the construction of "layer" and "available for receiving [transmitting] a packet," the '080 patent does not contain those terms. It does, however, contain the "logical network" limitation.

The parties take disparate approaches to the "logical network" term, which the district court construed as "a subnetwork in a network." Specifically, Juniper argues that the district court properly construed the term, and that Toshiba's construction would unduly limit the correct meaning. Toshiba, on the other hand, asserts that the district court's construction limits the claims in support of Juniper's noninfringement position. Toshiba urges us to adopt "a subnet in the network layer" as the correct meaning. Whatever the motivations behind the parties' arguments, Toshiba has appealed the construction of "logical network" after a judgment of noninfringement, without providing any further context for our analysis. We will therefore treat the term as critical to Toshiba's case.

The district court correctly construed "logical network." The specification of the '710 patent states, "a logical network here refers to a network that can be handled logically as a single entity, regardless of a physical configuration." '710 patent, col. 8, ll. 24–26. This passage does not introduce the requirement that a logical network exist in the network layer of a communication protocol. Toshiba does not point to anything specific in the patents indicating the network layer plays a critical role in understanding the "logical networks" term. The parties agree that a logical network is a subnetwork.

Accordingly, we affirm the district court's construction of that term and the judgment of noninfringement of the '080 patent.

## D. "policy information"

Finally, the parties dispute the district court's construction of "policy information indicating a permitted neighboring node/network from which a packet transfer by the label switching is to be permitted." This claim term only appears in the '127 patent. The district court construed the term as requiring the policy information to relate to an upstream node/network. Toshiba argues on appeal that the claims read on systems storing information related to downstream nodes, as embodied in Juniper's routers. Again, Toshiba points to nothing in the patent supporting its proffered construction.

We agree with the district court's construction. The claim language "from which" modifies the "neighboring node/network," not the "policy information." If the patentee desired the latter construction, it would have used commas to set off the phrase "indicating a permitted neighboring node/network." Lacking grammatical signals to the contrary, we hold the claim more logically supports a construction requiring a transfer from a neighboring node or network. As such, that node or network must sit upstream relative to the claimed router device. We therefore affirm the district court's construction and the judgment of noninfringement of the '127 patent.

## III. CONCLUSION

We find no error in the district court's four claim constructions discussed above. Because the independent claims on appeal each contain at least one of these terms, we affirm the judgment of noninfringement.